| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Kenneth D. Groves** |
| | Full Name (First, Middle, Last) |
| Debtor 2 | **Kimberly J. Groves** |
| (Spouse, if filing) | Full Name (First, Middle, Last) |
| United States Bankruptcy Court for the | **SOUTHERN DISTRICT OF MISSISSIPPI** |
| Case number: | |
| (If known) | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

# Chapter 13 Plan and Motions for Valuation and Lien Avoidance

12/17

## Part 1:   Notices

**To Debtors:**   **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.**

In the following notice to creditors, you must check each box that applies

**To Creditors:**   **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.**

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | ☐ Included | ☑ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ☐ Included | ☑ Not Included |

## Part 2:   Plan Payments and Length of Plan

**2.1      Length of Plan.**

The plan period shall be for a period of ___**60**___ months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2      Debtor(s) will make payments to the trustee as follows:**

Debtor shall pay __**$635.40**__ (☑ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

**Rankin County School**
**1220 Apple Park Place**
**Brandon MS 39042-0000**

| Debtor | **Kenneth D. Grove** | Case number | |
| | **Kimberly J. Grove** | | |

Joint Debtor shall pay **$635.40** (☑ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

> **Rankin County School**
> **1220 Apple Park Place**
> **Brandon MS 39042-0000**

**2.3      Income tax returns/refunds.**

*Check all that apply*

☑      Debtor(s) will retain any exempt income tax refunds received during the plan term.

☐      Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

☐      Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*

☑      **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**Part 3:   Treatment of Secured Claims**

**3.1      Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).**

*Check all that apply.*
☑      **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
*Insert additional claims as needed.*

**3.2      Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one..*

☑      **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3      Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
☐      **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑      The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

| Name of Creditor | Collateral | Amount of claim | Interest rate* |
|---|---|---|---|
| Credit Acceptance Corp | 2014 Hyundai Elantra 70,000 miles | $18,029.00 | 6.75% |
| Exeter Finance Llc | 2018 Nissan Rogue 15,000 miles | $25,597.00 | 6.75% |

*Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District.

*Insert additional claims as needed.*

**3.4      Motion to avoid lien pursuant to 11 U.S.C. § 522.**

*Check one.*
☑      **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5      Surrender of collateral.**

**Mississippi Chapter 13 Plan**                                                                  Page 2

| Debtor | **Kenneth D. Grove** | Case number | |
|---|---|---|---|
| | **Kimberly J. Grove** | | |

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

---

**Part 4:** **Treatment of Fees and Priority Claims**

**4.1** **General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2** **Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3** **Attorney's fees.**

☑ No look fee: __**3,600.00**__

| Total attorney fee charged: | $360**0.00** |
| Attorney fee previously paid: | $**0** |
| Attorney fee to be paid in plan per confirmation order: | $3,60**0.00** |

☐ Hourly fee: $_____. (Subject to approval of Fee Application.)

**4.4** **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

| | | | |
|---|---|---|---|
| ☐ | **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.* | | |
| ☑ | Internal Revenue Service | **$13,500.00** | . |
| ☐ | Mississippi Dept. of Revenue | **$0.00** | . |
| ☐ | Other | **$0.00** | . |

**4.5** **Domestic support obligations.**

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

---

**Part 5:** **Treatment of Nonpriority Unsecured Claims**

**5.1** **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $

☑ __**0.00**__ % of the total amount of these claims, an estimated payment of $__**0.00**__

☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**0.00**.
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2** **Other separately classified nonpriority unsecured claims (special claimants).** *Check one*.

☐ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

☑ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows:

| Name of Creditor | Basis for separate classification and treatment | Approximate amount owed | Proposed treatment |
|---|---|---|---|

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

| Debtor | Kenneth D. Grove | | Case number | |
|---|---|---|---|---|
| | Kimberly J. Grove | | | |

| Name of Creditor | Basis for separate classification and treatment | Approximate amount owed | Proposed treatment |
|---|---|---|---|
| Dept Of Ed/navient | Deferred | $5,110.00 | Pay $0 as Unsecured Creditors |
| Dept Of Ed/navient | Deferred | $3,835.00 | Pay $0 as Unsecured Creditors |
| Dept Of Ed/navient | Deferred | $3,659.00 | Pay $0 as Unsecured Creditors |
| Dept Of Ed/navient | Deferred | $2,254.00 | Pay $0 as Unsecured Creditors |
| Dept Of Ed/navient | Deferred | $1,987.00 | Pay $0 as Unsecured Creditors |
| Dept Of Ed/navient | Deferred | $1,795.00 | Pay $0 as Unsecured Creditors |
| Dept Of Ed/navient | Deferred | $1,644.00 | Pay $0 as Unsecured Creditors |
| Nelnet Lns | Deferred | $23,577.00 | Pay $0 as Unsecured Creditors |
| Nelnet Lns | Deferred | $13,877.00 | Pay $0 as Unsecured Creditors |
| Nelnet Lns | Deferred | $10,622.00 | Pay $0 as Unsecured Creditors |
| Nelnet Lns | Deferred | $8,752.00 | Pay $0 as Unsecured Creditors |
| Nelnet Lns | Deferred | $8,352.00 | Pay $0 as Unsecured Creditors |
| Nelnet Lns | Deferred | $7,348.00 | Pay $0 as Unsecured Creditors |
| Nelnet Lns | Deferred | $7,253.00 | Pay $0 as Unsecured Creditors |
| Nelnet Lns | Deferred | $7,182.00 | Pay $0 as Unsecured Creditors |
| Nelnet Lns | Deferred | $4,598.00 | Pay $0 as Unsecured Creditors |
| Nelnet Lns | Deferred | $4,597.00 | Pay $0 as Unsecured Creditors |
| Nelnet Lns | Deferred | $3,606.00 | Pay $0 as Unsecured Creditors |
| Nelnet Lns | Deferred | $3,452.00 | Pay $0 as Unsecured Creditors |
| U S Dept Of Ed/Gsl/Atl | Deferred | $30,223.00 | Pay $0 as Unsecured Creditors |
| U S Dept Of Ed/Gsl/Atl | Deferred | $20,539.00 | Pay $0 as Unsecured Creditors |
| U S Dept Of Ed/Gsl/Atl | Deferred | $18,170.00 | Pay $0 as Unsecured Creditors |
| U S Dept Of Ed/Gsl/Atl | Deferred | $17,757.00 | Pay $0 as Unsecured Creditors |
| U S Dept Of Ed/Gsl/Atl | Deferred | $10,504.00 | Pay $0 as Unsecured Creditors |
| U S Dept Of Ed/Gsl/Atl | Deferred | $10,504.00 | Pay $0 as Unsecured Creditors |
| U S Dept Of Ed/Gsl/Atl | Deferred | $7,811.00 | Pay $0 as Unsecured Creditors |

*Insert additional claims as needed.*

**Part 6:** **Executory Contracts and Unexpired Leases**

6.1   **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☑   **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**Part 7:** **Vesting of Property of the Estate**

7.1   **Property of the estate will vest in the debtor(s) upon entry of discharge.**

**Part 8:** **Nonstandard Plan Provisions**

8.1   **Check "None" or List Nonstandard Plan Provisions**
☑   **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

**Part 9:** **Signatures:**

9.1   **Signatures of Debtor(s) and Debtor(s)' Attorney**
*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

X   **/s/ Kenneth D. Groves**          X   **/s/ Kimberly J. Groves**
**Kenneth D. Groves**                 **Kimberly J. Groves**
Signature of Debtor 1                 Signature of Debtor 2

**Mississippi Chapter 13 Plan**          Page 4

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

| | | |
|---|---|---|
| Debtor | **Kenneth D. Grove**<br>**Kimberly J. Grove** | Case number |

Executed on   **June 13, 2019**          Executed on   **June 13, 2019**

**4053 Meadowland Dr.**                  **4053 Meadowland Dr.**
Address                                  Address
**Jackson MS 39206-0000**                **Jackson MS 39206-0000**
City, State, and Zip Code                City, State, and Zip Code

Telephone Number                         Telephone Number

X  **/s/ Michael M. Williams**           Date   **June 13, 2019**
**Michael M. Williams**
Signature of Attorney for Debtor(s)
**1441 Lakeover Road**
**Jackson, MS 39213**
Address, City, State, and Zip Code
**601-981-2800**                         **7252 MS**
Telephone Number                         MS Bar Number
**mwilliams@dgwlaw.com**
Email Address